T.C. Memo. 2016-159

UNITED STATES TAX COURT

JOHNNIE C. WALKER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 17682-14.                    Filed August 23, 2016.

<u>Elliot W. McCardle</u>, for petitioner.

<u>Ashley Vaughan Targac</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

PUGH, <u>Judge</u>:  In a notice of deficiency dated April 24, 2014, respondent determined the following deficiencies, an addition to tax, and accuracy-related penalties with respect to petitioner's Federal income tax for 2010, 2011, and 2012:

[*2]

| Year | Deficiency | Addition to tax sec. 6651(a)(1) | Penalties sec. 6662(a) |
|------|-----------|-------------------------------|------------------------|
| 2010 | $39,943 | -0- | $7,989 |
| 2011 | 207,170 | $10,176 | 41,434 |
| 2012 | 68,819 | -0- | 13,764 |

After concessions,[1] the issues for decision are: (1) whether petitioner is entitled to certain deductions claimed on Schedules C, Profit or Loss From Business, for 2010, 2011, and 2012; (2) whether petitioner is liable for an addition to tax under section 6651(a)(1) for 2011; and (3) whether petitioner is liable for accuracy-related penalties under section 6662(a) for 2010, 2011, and 2012.[2]

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. Petitioner resided in Texas when she timely filed her petition.

During the years in issue petitioner owned and operated A-Elite EMS Services, LLC (A-Elite), a single-member limited liability company engaged in an

---

[1] Respondent concedes that petitioner is entitled to deductions claimed on her Schedule C for contract labor expenses of $99,485, $492,862, and $157,238 for 2010, 2011, and 2012, respectively, on the basis of copies of canceled checks and bank statements that petitioner provided to respondent.

[2] Unless otherwise indicated, all section references are to the Internal Revenue Code of 1986, as amended and in effect for the years in issue. Rule references are to the Tax Court Rules of Practice and Procedure. All dollar amounts are rounded to the nearest dollar.

[*3] ambulance transportation business.  A-Elite owned ambulances but also hired ambulance drivers (drivers) who owned or had use of other ambulances.  In 2011 A-Elite hired a bookkeeper and a consultant to address certain regulatory issues.

In addition to petitioner's general managerial duties, she was responsible for hiring the drivers and writing company checks.  At the end of each week petitioner would write checks to the drivers for their labor and to reimburse them for gas.  She reimbursed the drivers approximately $400 per week for gas.  Petitioner also wrote checks to the drivers for maintenance and upkeep on the ambulances they used.

During the years in issue petitioner maintained business records for A-Elite.  When A-Elite "closed down", she stored the business records in a rented storage unit.  Ultimately, petitioner stopped paying rent for the storage unit, and the storage unit owner seized its contents, including A-Elite's business records.

Petitioner gave copies of A-Elite's receipts and other records to her accountant, who prepared her 2010 Form 1040X, Amended U.S. Individual Income Tax Return, as well as her 2011 and 2012 Forms 1040, U.S. Individual Income Tax Return.  On the Schedules C petitioner claimed deductions for car and truck expenses of $11,428, $95,717, and $43,486 for 2010, 2011, and 2012, respectively, and contract labor expenses of $99,485, $492,862, and $157,238 for

[*4] 2010, 2011, and 2012, respectively. Petitioner also claimed a $4,485 deduction for legal and professional services expenses for 2011. Petitioner's 2010 and 2012 returns were filed timely, but petitioner's 2011 return was filed late, on April 30, 2012.

Respondent disallowed all of these deductions in the notice of deficiency. Respondent also determined an accuracy-related penalty under section 6662(a) for each year on various grounds, including "negligence or disregard of rules or regulations" and a "substantial understatement of income tax". Respondent determined an addition to tax under section 6651(a)(1) for 2011 because petitioner failed to file her Federal income tax return timely.

Petitioner attempted to secure testimony and records from her accountant for trial but was unable to do so. (We continued trial once for over one month to allow petitioner, who was represented by counsel, additional time to secure records from her accountant, but to no avail.)

OPINION

I. Burden of Proof

Ordinarily, the burden of proof in cases before the Court is on the taxpayer. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Under section 7491(a), in certain circumstances, the burden of proof may shift from the taxpayer

**[*5]** to the Commissioner. Petitioner has not claimed or shown that she meets the requirements of section 7491(a) to shift the burden of proof to respondent as to any relevant factual issue.

II. Schedule C Deductions

Deductions are a matter of legislative grace, and a taxpayer must prove her entitlement to deductions. INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). A taxpayer claiming a deduction on a Federal income tax return must demonstrate that the deduction is allowable pursuant to some statutory provision and must substantiate that the expense to which the deduction relates has been paid or incurred. Sec. 6001; Hradesky v. Commissioner, 65 T.C. 87, 89-90 (1975), aff'd per curiam, 540 F.2d 821 (5th Cir. 1976); Meneguzzo v. Commissioner, 43 T.C. 824, 831-832 (1965); sec. 1.6001-1(a), Income Tax Regs.

Section 162(a) generally allows a deduction for ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business. As a general rule, if a taxpayer provides sufficient evidence that the taxpayer has paid or incurred a trade or business expense contemplated by section 162(a), but is unable adequately to substantiate the amount of the expense, then the Court may estimate the amount of the expense and allow a deduction to that

**[\*6]** extent. <u>Cohan v. Commissioner</u>, 39 F.2d 540, 543-544 (2d Cir. 1930). For the Court to estimate the amount of an expense, there must be some basis upon which an estimate may be made. <u>Vanicek v. Commissioner</u>, 85 T.C. 731, 742-743 (1985). Otherwise, any deduction allowed would amount to "unguided largesse". <u>Williams v. United States</u>, 245 F.2d 559, 560 (5th Cir. 1957).

Deductions for expenses attributable to travel, entertainment, gifts, and the use of "listed property" (including passenger automobiles), if otherwise allowable, are subject to stricter rules of substantiation. <u>See</u> sec. 274(d); <u>Sanford v. Commissioner</u>, 50 T.C. 823, 827 (1968), <u>aff'd per curiam</u>, 412 F.2d 201 (2d Cir. 1969); sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985).

Ambulances used in a trade or business are excluded from "listed property" as defined in section 280F(d)(5)(B)(i) and thus not subject to the strict substantiation rules. Similarly, legal and professional services expenses are not subject to the strict substantiation rules. <u>See</u> sec. 274(d).

Petitioner did not submit any records to the Court to substantiate the Schedule C deductions for car and truck expenses for 2010, 2011, and 2012 or her legal and professional services expenses for 2011. Although she credibly testified that she maintained business records, including documents to substantiate business

**[*7]** expenses, those records were lost when the contents of her storage unit were seized because of her failure to pay her bill. She was not able to secure them from her accountant.

According to petitioner the car and truck expenses include the weekly reimbursements of $400 for gas to the drivers. Although we found petitioner credible, on this issue her testimony was confusing and insufficient to support a deduction for the weekly reimbursements for gas to the drivers in addition to the contract labor expense deductions that respondent conceded for the years in issue, which respondent claims already include those payments to the drivers that petitioner was able to substantiate. Accordingly, we will not allow petitioner any deductions for the weekly reimbursements for gas.

Petitioner also stated that A-Elite paid for the upkeep and maintenance of the ambulances, but she did not provide any details as to the type of upkeep or maintenance. Additionally, she did not provide an estimate or otherwise attempt to reconstruct the expenses, nor did she provide any evidence from which we might conclude that these payments were not accounted for already in the contract labor expense deduction amounts that respondent conceded for the years in issue. Therefore, we must disallow deductions for these expenses. See Vanicek v. Commissioner, 85 T.C. at 742-743.

[*8]   Petitioner credibly testified that the deduction for legal and professional services expenses for 2011 was for expenses incurred to hire a consultant and a bookkeeper for A-Elite.  On the basis of her testimony, and considering the nature of these expenses in the context of her business, we hold that her testimony is sufficient to satisfy the requirements of section 162 and to support the claimed deduction.  We therefore will allow petitioner the $4,485 deduction for legal and professional services expenses for 2011.  See Deputy v. du Pont, 308 U.S. 488, 495-496 (1940).

## III.  Addition to Tax and Accuracy-Related Penalties

The Commissioner bears the burden of production with respect to a taxpayer's liability for additions to tax and penalties.  See sec. 7491(c); Higbee v. Commissioner, 116 T.C. 438, 446 (2001).  Once the Commissioner carries the burden of production, the taxpayer must come forward with persuasive evidence that the Commissioner's determination is incorrect or that the taxpayer has an affirmative defense such as reasonable cause.  See Higbee v. Commissioner, 116 T.C. at 446-447.

### A.  Section 6651(a)(1) Addition to Tax

Respondent determined that petitioner is liable for the section 6651(a)(1) addition to tax for 2011.  Section 6651(a)(1) authorizes the imposition of an

[*9] addition to tax for failure timely to file a return unless it is shown that such failure is due to reasonable cause and not due to willful neglect.  See United States v. Boyle, 469 U.S. 241, 245 (1985).  Whether a taxpayer has "reasonable cause" within the meaning of section 6651(a)(1) depends upon whether the taxpayer exercised "ordinary business care and prudence" but was nevertheless unable to file the return within the prescribed time.  Id. at 246; sec. 301.6651-1(c)(1), Proced. & Admin. Regs.  It is well established that "[t]he failure to make a timely filing of a tax return is not excused by the taxpayer's reliance on an agent, and such reliance is not 'reasonable cause' for a late filing under § 6651(a)(1)."  See Boyle, 469 U.S. at 252.

The transcript of petitioner's account for 2011 shows that respondent received petitioner's return on April 30, 2012.  The transcript does not indicate that petitioner had been granted an extension of time to file her 2011 return.  In the absence of any evidence as to the filing of the return or a request for an extension of time, other than petitioner's testimony that she believed an extension of time had been requested, we must conclude that the return was filed late.  Accordingly, respondent has met his burden of production under section 7491(c) with respect to the section 6651(a)(1) addition to tax. Petitioner's explanation that she thought her accountant had filed the request for an extension of time is insufficient to

[*10] establish reasonable cause and good faith.  See Boyle, 469 U.S. at 250.

Accordingly, respondent's imposition of the section 6651(a)(1) addition to tax is

sustained.

    B.  Section 6662(a) Accuracy-Related Penalty

    Section 6662(a) and (b)(1) and (2) imposes a penalty of 20% of the portion

of an underpayment of income tax attributable to the taxpayer's negligence,

disregard of rules or regulations, or substantial understatement of income tax.[3]

"Negligence" includes any failure to make a reasonable attempt to comply with the

provisions of the Internal Revenue Code, including any failure to keep adequate

books and records or to substantiate items properly.  See sec. 6662(c); sec. 1.6662-

3(b)(1), Income Tax Regs.  A "substantial understatement" includes an

understatement of income tax that exceeds the greater of 10% of the tax required

to be shown on the return or $5,000.  See sec. 6662(d)(1)(A); sec. 1.6662-4(b),

Income Tax Regs.

    For the years in issue we find that petitioner maintained records for A-Elite,

even though she was unable to present the records at trial.  Accordingly,

respondent's burden of production on the ground of negligence has not been met.

---

[3] In this case the deficiencies, underpayments of income tax, and understatements of income tax are all computed in the same manner.  See secs. 6211, 6662(d)(2), 6664(a).

[*11] To the extent that Rule 155 computations establish a substantial understatement of income tax for any year, respondent has met his burden with respect to that year.

Section 6664(c)(1) provides an exception to the imposition of the accuracy-related penalty if the taxpayer establishes that there was reasonable cause for, and the taxpayer acted in good faith with respect to, the underpayment. See sec. 1.6664-4(a), Income Tax Regs.

The determination of whether a taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account all the pertinent facts and circumstances. Id. para. (b)(1). Reasonable cause can be shown by good-faith reliance on the advice of a qualified tax professional, and the advice must be based on all the pertinent facts and circumstances. Id. paras. (b)(1), (c). Other circumstances that may signal reasonable cause and good faith "include an honest misunderstanding of fact or law that is reasonable in light of all the facts and circumstances, including the experience, knowledge, and education of the taxpayer." Id. para. (b)(1).

Petitioner credibly testified that she gave A-Elite's receipts and other records to her accountant and relied upon her accountant to calculate and report her 2010, 2011, and 2012 Federal income tax liabilities properly. See sec.

**[*12]** 6664(c); Boyle, 469 U.S. at 251; Higbee v. Commissioner, 116 T.C. at 448; Neonatology Assocs., P.A. v. Commissioner, 115 T.C. 43, 99 (2000), aff'd, 299 F.3d 221 (3d Cir. 2002); sec. 1.6664-4(b)(1), Income Tax Regs.  Considering the nature of her business and our observations as to her "experience, knowledge, and education", we conclude that her reliance was reasonable.  Therefore, we hold that petitioner is not liable for the section 6662(a) accuracy-related penalties for the years in issue.

Any contentions we have not addressed are irrelevant, moot, or meritless.

To reflect the foregoing,

Decision will be entered

under Rule 155.